# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN McGLOTHIN, | CASE NO. 1:10-cv-00247-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| K. HARRINGTON, et al., | (ECF. No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Michael John McGlothin ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint filed, February 16, 2010. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

1

Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.    Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is housed at Kern Valley State Prison. He brings this action against Defendants Sgt. Steen, Correctional Officers J. Torres and M. Capello, Lt. Castro, Lt. Garza, and Sgt. Jose for excessive force and cruel and unusual punishment and is seeking compensatory and punitive damages. (Compl. 3, ECF No. 1.)

On May 12, 2009, Plaintiff was preparing to be transported to an outside medical appointment. He was placed in the holding tank and told to change into the transportation clothing. (Id.) As Plaintiff removed his right sock an item fell out, which he alleges was a small piece of rolled up plastic about the size of the tip of his little fingernail. Plaintiff immediately picked the item up and Defendant Capello asked what it was. Plaintiff replied that it was his medication. Defendant Capello told Plaintiff to give the item to him, but Plaintiff swallowed it. (Id. at p. 4.)

Defendant Capello then rushed over to Plaintiff, grabbed him by the arm, and slammed his knee into Plaintiff's back. Plaintiff alleges that he was already on the ground so there was no need for Defendant Capello "to panic in the unprofessional way" that the matter was handled. Additionally, Defendant Capello knew that Plaintiff walked with a cane and takes pain medication

1  for back pain. Plaintiff was handcuffed and placed into the holding cage. (Id.)

2  Defendant Steen made the decision to take Plaintiff to the facility program office so they
3  could decide what to do with him. Defendant J. Torres cuffed Plaintiff with leg irons. Plaintiff
4  requested that he be allowed to at least put on his socks as he was in his underwear. Defendants
5  Torres and Steen denied the request. Plaintiff had to walk fifty to seventy feet on the "nasty and
6  filthy ground" in his bare feet. (Id. at 5.) As Plaintiff walked the leg irons were hurting his ankle
7  bones and digging into his flesh. (Id.)

8  Plaintiff was placed in the cage and told that he would be put on "potty watch." The cage
9  was about two and one half feet by three feet and Plaintiff had to stand for four hours with the leg
10 irons digging into his bare ankles. Defendants Torres and Steen forced Plaintiff to put a pair of
11 "filthy, smelly black canv[a]s mitts" on his bare hands and wrist. (Id. at 6.) Plaintiff broke out in
12 sores and developed an infection from having to wear the canvas mitts. The mitts are required while
13 an inmate is on "potty watch." (Id.)

14 While on "potty watch" Plaintiff had to sleep on a mattress on the asphalt, which was
15 removed at approximately 6:00 in the morning. Plaintiff had to lay on the ground until the mattress
16 was returned at approximately 9:00 in the evening. The mitts Plaintiff was required to wear had
17 human waste on them, he was unable to brush his teeth or bathe for three days. (Id. at 7.)

18 **III.    Eighth Amendment Claims**

19  **A.    Conditions of Confinement**

20 Liability under section 1983 exists where a defendant "acting under the color of law" has
21 deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen
22 v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment
23 the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and
24 make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's
25 health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).
26 Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of
27 serious harm" to an inmates health or safety and that there was no "reasonable justification for the
28 deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152.

The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Plaintiff's allegations that he was made to walk barefoot on the "filthy" ground, that he had to stand for four hours in a cage, and he was placed in leg irons that caused him pain after he swallowed contraband are insufficient to show a deprivation sufficiently serious to state a cognizable claim.

While depriving an inmate of sanitation that is severe or prolonged can rise to the level to violate the Eighth Amendment, Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir 1995), Plaintiff fails to allege facts sufficient to state a cognizable claim. Plaintiff was placed in the cell for three days in response to his swallowing contraband. Though the conditions in the cell and not being able to shower or brush his teeth may have been unpleasant they do not rise to the level of an unconstitutional condition. Thomas, 611 F.3d at 1150.

Additionally, Plaintiff alleges that the mitts he was required to wear were unsanitary and caused him to develop sores and an infection. Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010) (quoting Jett, 439 F.3d at 1096). There are no allegations to indicate that any named defendant was aware of facts from which he could make an inference that a substantial risk of serious harm to Plaintiff existed due to wearing the gloves or that he suffered any harm. Farmer, 511 U.S. at 837.

**B.     Excessive Force**

Plaintiff alleges that Defendant Capello acted with excessive force in response to his possession of contraband. The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320 (312).

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8 (internal quotation marks and

citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." Gaddy, 130 S. Ct. at 1179 (quoting Hudson, 503 U.S. at 9). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003). Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. Wilkins, 130 S. Ct. at 1178-79; Hudson, 503 U.S. at 7.

Plaintiff's allegation that Defendant Capello panicked and acted in an unprofessional way by taking him to the ground and placing his knee in Plaintiff's back after he swallowed the contraband does not state a plausible claim that Defendant's actions were done maliciously and sadistically to cause harm. Gaddy, 130 S. Ct. at 1178; Iqbal, 129 S. Ct. at 1949. Rather these actions seem to be in response to Plaintiff's act of swallowing the contraband in an attempt to keep the officers from discovering what it was. In the prison context, Defendant's immediate response to keep Plaintiff from disposing of the contraband would appear to be an effort to stop Plaintiff's misconduct and not done maliciously or sadistically.

**IV.     Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

5

speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed February 16, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   February 18, 2011

UNITED STATES MAGISTRATE JUDGE