UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN McGLOTHIN,<br><br>                    Plaintiff,<br><br>        v.<br><br>K. HARRINGTON, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:10-cv-00247-GBC (PC)<br><br>FIRST AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND<br><br>(ECF No. 11)<br><br>SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Michael John McGlothin ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 16, 2010 and consented to Magistrate Judge jurisdiction on March 4, 2010. (ECF Nos. 1 & 5.) Plaintiff's original complaint was dismissed with leave to amend for failure to state a claim. (ECF No. 9.) Plaintiff filed his First Amended Complaint on March 17, 2011. (ECF No. 11.) No other parties have appeared in this action. Plaintiff's First Amended Complaint is now before this Court for screening.

For the reasons set forth below, the Court finds that Plaintiff has stated a cognizable claim upon which relief may be granted, but has failed to provide sufficient facts to state any claims as to his remaining allegations and has failed to request any form of relief.

///

//

## II. **SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. **SUMMARY OF COMPLAINT**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is housed at Kern Valley State Prison. He brings this action against Defendants K. Harrington, Sgt. D. Steen, Correctional Officer J. Torres, Correctional Officer M. Capello, Lt. Castro, Lt. Garza, and Sgt. Jose.

Plaintiff alleges as follows: On May 12, 2009, Plaintiff, who was preparing to be transported to an eye appointment, was told by Defendant Capello to change out of his prison blues and into a transportation jumpsuit. As Plaintiff removed a sock, a $100 bill wrapped in plastic fell out. Plaintiff immediately swallowed the object. Defendant Capello asked what it was and Plaintiff replied that it was his medication. Defendant Capello told

Plaintiff to give the item to him, but Plaintiff had already swallowed it.

Defendant Capello then rushed over to Plaintiff, who was on the ground, grabbed him by the arm, and slammed his knee into Plaintiff's back. Plaintiff was handcuffed and placed into a holding cage.

Defendant Torres placed Plaintiff in leg restraints and escorted Plaintiff along with Defendant Steen to the facility program office. Plaintiff asked that he be allowed to put on his socks. Defendants Torres and Steen denied the request. Plaintiff walked about seventy feet in his bare feet. As Plaintiff walked, the leg restraints were hurting his ankle bones and digging into his flesh.

Plaintiff was placed in the cage which was too small for him to sit down. Plaintiff had to stand for four hours with the leg restraints digging into his ankles. Defendants Torres and Steen required Plaintiff to put on a red jumpsuit and a pair of mitts which were obviously dirty and took him to a different facility to be placed on "potty watch".

Plaintiff asked Defendant Castro for different mitts, but she refused. Plaintiff broke out in sores and developed an infection from having to wear the mitts. Plaintiff then asked Defendant Jose for different mitts, and he refused. Plaintiff then asked for something to eat, Jose just laughed.

While on potty watch Plaintiff's mattress was removed from his cell at 6:00 a.m. and not returned until 9:00 p.m. for two days. Plaintiff told Defendant Garza about his spinal condition, to which Garza replied that he did not care.

Plaintiff fails to state what relief he requests.

**IV.    ANALYSIS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal

Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff appears to be making several claims for violations of his Eighth Amendment rights including being subjected to cruel and unusual punishment and excessive use of force.

### A.     Cruel and Unusual Punishment

Plaintiff appears to be alleging that he was subjected to cruel and unusual punishment when Defendants made him walk bare foot, stand in a cage wearing leg restraints, wear dirty mitts, and when they took away his mattress during the day for two days while he was on potty watch.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

The Eighth Amendment imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). To prevail on such a claim a plaintiff must show that objectively he suffered a "sufficiently serious" deprivation. Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). These are "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." Rhodes v. Chapman, 452 U.S. 337, 348 (1981). Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the

1  duration of an inmate's exposure to that condition. <u>Keenan v. Hall</u>, 83 F.3d 1083, 1089
2  (9th Cir. 1996) (citing <u>Hutto v. Finney</u>, 437 U.S. 678, 686-87 (1978)). "The more basic the
3  need, the shorter the time it can be withheld." <u>Hoptowit v. Ray</u>, 682 F.2d 1287, 1259 (9th
4  Cir. 1982). The plaintiff must also show that subjectively each defendant had a culpable
5  state of mind in allowing or causing the plaintiff's deprivation to occur. <u>Farmer</u>, 511 U.S.
6  at 834. In this regard, a prison official violates the Eighth Amendment "only if he knows
7  that inmates face a substantial risk of serious harm and disregards that risk by failing to
8  take reasonable measures to abate it." <u>Id.</u> at 847. Under this standard, a prison official
9  must have a "sufficiently culpable state of mind," one of deliberate indifference to the
10 inmate's health or safety. <u>Id.</u>

11 As stated in the prior Screening Order, Plaintiff's allegations that he was made to
12 walk barefoot on the ground, that he had to stand for hours in a cage in leg restraints that
13 caused him pain, and that his mattress was removed from the cell during the day are
14 insufficient to show a deprivation sufficiently serious to state a cognizable claim. He
15 walked approximately 70 feet in his bare feet; he was forced to stand for four hours with
16 the leg restrains on; and the mattress was returned every night for him to sleep on. These
17 are not sufficiently serious deprivations, especially considering the duration. While the
18 Court is giving Plaintiff leave to amend this claim, Plaintiff would be well-served to
19 concentrate his attention elsewhere.

20 Additionally, Plaintiff alleges that the mitts he was required to wear were unsanitary
21 and caused him to develop sores and an infection. Defendants Steen and Torres forced
22 Plaintiff to put the dirty mitts on. However, Plaintiff does not state that they were aware that
23 the mitts were dirty. Plaintiff does not state that he told them. Plaintiff alleges that "they
24 knew this, how could they not know as the smell was on the mitts." (ECF No. 20, Pl.'s 1st
25 Am. Compl. p. 6.) Plaintiff again fails to allege knowledge by Defendants Steen and
26 Torres. He attributes knowledge to them because of the smell emitted by the mitts. This
27 is insufficient. Defendants must have knowledge of the risk to have a culpable state of
28 mind and be held liable. Merely attributing knowledge to them because of a smell is

insufficient to reach an Eighth Amendment violation. The Court will grant Plaintiff leave to amend.

Both Defendant Castro and Jose refused to give Plaintiff different mitts. Plaintiff states that he told both Defendant Castro and Jose that the mitts were "tainted with human feces" and that they smelled terribly. After Defendant Castro's refusal, Plaintiff's hands, wrists, and arms broke out in sores. Plaintiff then asked Defendant Jose for different mitts, explaining that the mitts were dirty. Defendant Jose refused. The Court finds that Plaintiff has stated a claim for violation of his Eighth Amendment rights by Defendants Castro and Jose. It appears that Plaintiff had to wear the feces covered mitts for approximately two days while on potty watch. This is a sufficiently serious deprivation, which was allowed to continue by Defendants Castro and Jose. Plaintiff alleges that both Defendants were aware of the condition of the mitts and that they then were deliberately indifferent to the risk created by the dirty mitts.

### B. Excessive Force

Plaintiff alleges that Defendant Capello acted with excessive force in response to his possession of contraband.

The analysis of an excessive force claim brought pursuant to Section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). The Eighth Amendment's prohibition on cruel and unusual punishment applies to incarcerated individuals, such as the Plaintiff here. Whitley v. Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries). However, not "every malevolent touch by a prison guard

gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, 130 S.Ct. 1175, 1176-77 (2010).

Again, Plaintiff's allegation that Defendant Capello panicked and acted in an unprofessional manner by taking him to the ground and placing his knee in Plaintiff's back after he swallowed the contraband does not state a plausible claim that Defendant's actions were done maliciously and sadistically to cause harm. Rather these actions seem to be in response to Plaintiff's act of swallowing the contraband in an attempt to keep the officer from discovering what it was. In the prison context, Defendant's immediate response to keep Plaintiff from disposing of the contraband would appear to be an effort to stop Plaintiff's misconduct and restore discipline, and not done maliciously or sadistically. While the Court is giving Plaintiff leave to amend this claim, Plaintiff would be well-served to concentrate on his other claims.

**C.     Personal Participation and Supervisory Liability**

Plaintiff briefly names K. Harrington as a Defendant, but he does not include this Defendant in the statement of the case at all. Plaintiff could be arguing that this Defendant is liable for the conduct of his or her subordinates as he or she was not present and did not

7

1  participate in the complained of conduct as described by Plaintiff.

2  Under Section 1983, Plaintiff must demonstrate that each named Defendant
3  personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930,
4  934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory
5  liability," loosely and commonly used by both courts and litigants alike, is a misnomer.
6  Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the
7  unconstitutional conduct of their subordinates under a theory of respondeat superior." Id.
8  at 1948. Rather, each government official, regardless of his or her title, is only liable for
9  his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant,
10 through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at
11 1948-49.

12 When examining the issue of supervisor liability, it is clear that the supervisors are
13 not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez,
14 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal.
15 2004). In order to establish liability against a supervisor, a plaintiff must allege facts
16 demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient
17 causal connection between the supervisor's wrongful conduct and the constitutional
18 violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal
19 connection may be shown by evidence that the supervisor implemented a policy so
20 deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333
21 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general
22 responsibility for supervising the operations of a prison is insufficient to establish personal
23 involvement. Id. (internal quotations omitted).

24 Supervisor liability under Section 1983 is a form of direct liability. Munoz v.
25 Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must
26 show that Defendant breached a duty to him which was the proximate cause of his injury.
27 Id. "'The requisite causal connection can be established . . . by setting in motion a series
28 of acts by others which the actor knows or reasonably should know would cause others to

inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)). However, "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star v. Baca, ___ F.3d ___, 2011 WL 477094, *4 (9th Cir. Feb. 11, 2011).

Plaintiff has not alleged facts demonstrating that all of the named Defendants personally acted to violate his rights. Plaintiff needs to specifically link each Defendant to a violation of his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint states a Section 1983 claim upon which relief may be granted. However, Plaintiff has failed to request any relief from the Court. Therefore, the Court will provide Plaintiff time to file an amended complaint to address this correctable deficiency. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incidents discussed herein. And, Plaintiff must make a relief request.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer

serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:10-cv-247-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: May 10, 2011

UNITED STATES MAGISTRATE JUDGE