# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN MCGLOTHIN,<br><br>    Plaintiff,<br><br>    v.<br><br>K. HARRINGTON, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-00247-AWI-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COPY OF RETURNED CHECK<br><br>Doc. 34 |

On February 16, 2010, Plaintiff, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. On August 22, 2011, the Court ordered Plaintiff to effectuate service within forty-five days. Doc. 25. On September 7, 2011, Plaintiff requested to have the United States Marshal ("USM") effectuate service. Doc. 26. On September 20, 2011, the Court granted Plaintiff's request and directed Plaintiff to submit the service documents. Doc. 27. However, since Plaintiff is not proceeding in forma pauperis, the Court required Plaintiff to submit a cashier's check or money order made payable to the USM in the amount of $32.00. On September 29, 2011, Plaintiff submitted the service documents and a check for $32.00. The Clerk of the Court returned the check to Plaintiff with a copy of the Court's September 20, 2011 order, which required Plaintiff to submit a cashier's check or money order. On December 21, 2011, Plaintiff filed a motion for a copy of the returned check and a copy of the Court's September 20, 2011 order. On January 9, 2012, Plaintiff submitted a money order for $32.00. On January 17, 2012, the Court denied Plaintiff's first motion for copy of returned check. Doc. 32. On February 24, 2012, Plaintiff filed a second motion for a copy of the returned check and a copy of the Court's September 20, 2011 order. Doc. 34. On February 27, 2012, the Clerk of the Court verified

with Corcoran State Prison Accounting Staff that the funds for the $32 returned check were credited to Plaintiff's trust account on January 18, 2012.

In Plaintiff's motions for a copy of his returned check, he states he did not receive a copy of the Court's order from September 20, 2011, which included the service documents for Plaintiff to complete. However, since Plaintiff completed the service documents and submitted them to the Court with a check for $32.00 on September 29, 2011, it appears that Plaintiff did receive the order. In addition, the Clerk of the Court served the September 20, 2011 order on Plaintiff, and it was not returned in the mail as undeliverable. As to Plaintiff's request for a copy of his returned check, the Clerk of the Court already returned the check to Plaintiff and the funds were credited to his trust account. Moreover, since the Court ordered him to provide a cashier's check or money order, the Court will not expend its judicial resources to make a copy of a check that Plaintiff was not supposed to send. Finally, Plaintiff has not expressed a compelling reason why he needs a copy of his returned check.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for a copy of the returned check and a copy of the Court's September 20, 2011 order is DENIED.

IT IS SO ORDERED.

Dated: July 12, 2012

UNITED STATES MAGISTRATE JUDGE