# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN McGLOTHIN,<br><br>    Plaintiff,<br><br>   v.<br><br>J. TORRES, et al.,<br><br>    Defendants. | 1:10cv00247 AWI DLB PC<br><br>ORDER DENYING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(Document 60) |

Plaintiff Michael John McGlothin ("Plaintiff"), a California state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 16, 2010. Plaintiff filed a Second Amended Complaint on June 13, 2011. This action is proceeding on Plaintiff's Eighth Amendment claim against Defendants Castro, Jose and Steen.[1]

On May 4, 2012, the Court issued a Discovery and Scheduling Order. The dispositive motion deadline was March 14, 2013.

On February 27, 2013, prior to the dispositive motion deadline, Defendants filed a Motion to Modify the Discovery and Scheduling Order. Defendants seek a 45 day extension of the dispositive motion deadline.

Plaintiff opposed the motion on March 22, 2013.

Defendants did not file a reply and the motion is now deemed submitted pursuant to Local Rule 230(l).

---

[1] On February 6, 2013, Defendants filed a notice of the death of Defendant Torres pursuant to Federal Rule of Civil Procedure 25(a).

1

**DISCUSSION**

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.

Here, Defendants request a 45 day extension of the March 14, 2013, dispositive motion deadline so that they may consult with a second medical expert and obtain a declaration to support a motion for summary judgment. According to the Declaration of Benjamin R. Dore, in October 2012, counsel sought the opinion of a physician employed by CDCR regarding Plaintiff's alleged rash. The physician reviewed Plaintiff's medical file and offered her opinion. Based on her opinion, counsel drafted a declaration for her signature. However, according to Defendant, this expert "recently" became "unavailable." Dore Decl. ¶¶ 3-6. Counsel has contacted another physician, but he needs to review Plaintiff's voluminous medical records prior to forming an opinion. Dore Decl. ¶ 7. Counsel states that Plaintiff's medical records are currently being scanned into a database, which will allow the expert to review them. Defendants contend that the additional 45 days is necessary to complete the scanning process, allow the expert to review them and form an opinion, and prepare and execute a declaration. Dore Dec. ¶¶ 9-11.

Plaintiff opposes the request, arguing that Defendants have had more than enough time to find the "mystery woman." Opp. 1. This is not the issue, however, as Defendants have said that she is now unavailable.

Nonetheless, Defendants' vague reference to their expert recently becoming "unavailable," without further explanation, is insufficient for the Court to determine whether good cause exists. Although Defendants state that they contacted the physician in October, there is no indication as to when, and why, she became "unavailable." Without this information, the Court cannot conclude that Defendants' actions were diligent.

Accordingly, Defendants' Motion to Modify the Discovery and Scheduling Order is DENIED.  However, because the March 14, 2013, deadline expired during the pendency of this motion, Defendants will be granted 14 days from the date of service of this order within which to file a dispositive motion.

IT IS SO ORDERED.

Dated:   **April 2, 2013**                              /s/ *Dennis L. Beck*
                                                                          UNITED STATES MAGISTRATE JUDGE